IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL CODY WATKINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-22-00681-JD |
| UNITED STATES DEPARTMENT OF JUSTICE and UNITED STATES DEPARTMENT OF INTERIOR, | ) ) ) ) ) |
| Respondents. | ) ) |

**ORDER**

Before the Court is a Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin. [Doc. No. 7]. Judge Erwin recommends that the Court dismiss pro se Petitioner Daniel Watkins' ("Watkins") Petition for a Writ of Mandamus [Doc. No. 1] for failure to allege facts establishing the requisite elements for mandamus relief.[1]

Judge Erwin advised Watkins of his right to object to the Report and Recommendation. Watkins filed a timely objection [Doc. No. 8], and the Court has

---

[1] Watkins has no previous cases in the United States District Court for the Western District of Oklahoma. *See* [Doc. No. 3]. However, the Court notes that Watkins has previously filed or has pending 28 U.S.C. § 2254 actions in the United States District Court for the Northern District of Oklahoma. *See Watkins v. Bridges*, Case No. 23-cv-00186-CVE-SH (pending § 2254 action) (docket last visited Apr. 16, 2024); *Watkins v. Nunn*, Case No. 21-cv-00463-CVE-JFJ (dismissed § 2254 action).

therefore conducted a de novo review of those portions of the Report and Recommendation to which Watkins objected, consistent with 28 U.S.C. § 636(b)(1).[2]

Having reviewed the matters to which Watkins objected de novo, consistent with 28 U.S.C. § 636(b)(1), the Court finds that the Magistrate Judge's conclusions are fully supported.

I. **BACKGROUND**

Watkins is incarcerated at the James Crabtree Correctional Center pursuant to a judgment and sentence issued by the Tulsa County District Court. In his petition, Watkins did not provide any specific information regarding his crime or conviction except for that it "occur[ed] with[in] the boundaries of the Muscogee Creek Nation reservation." [Doc. No. 1 at 1]. He also stated he is of Cherokee descent.

II. **ANALYSIS**

In his objections, Watkins argues that the Department of Justice and the Department of the Interior should be required to investigate his incarceration since it is in violation of federal law. Watkins claims that it is in violation of federal law because he is of Cherokee descent and his crime occurred within the boundaries of the Muscogee Creek Nation reservation.[3]

---

[2] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the pro se litigant." *Id.*

[3] Watkins also argues that the Report and Recommendation failed to analyze his claims pertaining to both the Department of Justice *and* the Department of the Interior. However, the Report and Recommendation noted that Watkins sought mandamus relief

"The common-law writ of mandamus" has been "codified in 28 U.S.C. § 1361." *Marquez-Ramos v. Reno*, 69 F.3d 477, 478 (10th Cir. 1995). It states that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "To be eligible for mandamus relief, the petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005). "Once the petitioner has established the prerequisites of mandamus relief, the court may exercise its discretion to grant the writ." *Id.* "Mandamus is a drastic remedy, available only in extraordinary circumstances." *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993) (citation omitted).

Here, Watkins has failed to show he has a clear right to relief. Even in light of *McGirt v. Oklahoma*, Watkins' argument that he was wrongly prosecuted and incarcerated by the State of Oklahoma because he is of Cherokee descent and the crime occurred on an Indian reservation fails. 591 U.S. ----, 140 S. Ct. 2452 (2020). "*McGirt* announced no new constitutional right. It self-professedly resolved a question of 'statutory interpretation' . . . ." *Pacheco v. Habti*, 62 F.4th 1233, 1246 (10th Cir.), *cert. denied*, 143 S. Ct. 2672 (2023) (quoting *McGirt*, 140 S. Ct. at 2474). Thus, the rule announced therein is not retroactively applicable. *See id.* Because Watkins has not shown

---

against "the United States Departments of Justice and Interior" and "recommended that the Court dismiss the Petition for Mandamus." [Doc. No. 7 at 1–2, 3]. Thus, the Court concludes that the Report and Recommendation adequately addressed both departments.

he is clearly entitled to relief, the Court dismisses his petition.

## III.     CONCLUSION

The Court ACCEPTS the Report and Recommendation [Doc. No. 7]. Watkins' Petition for a Writ of Mandamus is dismissed without prejudice. [Doc. No. 1].

IT IS SO ORDERED this 16th day of April 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE